UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS R. HORNE, SR.

        Plaintiff,

vs.                                                    Case No.  3:06-cv-1068-J-25MCR

WINN DIXIE INC., PETER LYNCH, and JAUN
MOTT,

        Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Proceed *In Forma
Pauperis* (Doc. 2), Affidavit of Indigency (Doc. 3), and Motion for Discovery (Doc. 4).
Having reviewed Plaintiff's Complaint and his Affidavit of Indigency, the Motion to
Proceed *In Forma Pauperis* is **GRANTED**.

      Plaintiff's Motion for discovery seeks an Order from this Court requiring all the
named defendants to permit Plaintiff to inspect and receive specific discovery requests
from Plaintiff.  (Doc. 4).  This Motion, however, is premature.  Discovery is intended to
operate with minimal judicial supervision unless a dispute arises and one of the parties
files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district
should be practiced with a spirit of cooperation and civility."  Middle District Discovery
(2001) at 1.  Thus, the parties are expected to engage in the discovery process
amongst themselves without Court intervention unless the need arises.  Here, Plaintiff
has not served the Defendants with a summons and thus, Plaintiff is premature in
seeking discovery from Defendants.

Because Plaintiff is proceeding pro se, the Court will take this time to inform Plaintiff of some of the rules which apply to this action.  The Court reminds Plaintiff of these obligations because a pro se litigant is subject to the same law and rules of court as a litigant who is represented by counsel, including the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), and the Local Rules of the Middle District of Florida.[1]  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Local Rule 3.05 states that the Clerk of the Court will designate each case for future management on one of three tracks as soon as practicable after the filing of a civil action.  The assigned case track will dictate the procedure which will apply to the civil action, including the time for which the parties will be required to meet to prepare a discovery plan detailing the description of discovery each party intends to pursue and the proposed date for completion of discovery and such other matters relating to discovery as the parties may agree upon.  Notably, this case has yet to be assigned to a track.  Once it has been assigned to a track, Plaintiff will be required to serve notice of such designation upon all other parties, and the parties will be required to meet and prepare their discovery plan.  See Local Rule 3.05; Fed. R. Civ. P. 26.

Out of an abundance of caution, the Court hereby reminds Plaintiff that he is responsible for preparing summons to be served.  The Clerk of the Court shall send Plaintiff blank Summons to be completed and returned to the Clerk's Office for service

---

[1]The Local Rules are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov  and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available for review in the law libraries of the state and federal courthouses.

by the United States Marshal.  Plaintiff should be aware of Rule 4(m), Federal Rules of

Civil Procedure, which relates to the service of process:

> **Time Limit for Service.**  If service of the summons and
> complaint is not made upon a defendant within 120 days
> after the filing of the complaint, the court, upon motion or on
> its own initiative after notice to the plaintiff, shall dismiss the
> action without prejudice as to that defendant or direct
> service be effected within a specified time; provided that if
> the plaintiff shows good cause for the failure, the court shall
> extend the time for service for an appropriate period.  This
> subdivision does not apply to service in a foreign country
> pursuant to subdivision (f) or (j)(1).

Plaintiff is hereby informed that failure to timely or otherwise properly perfect

service may, under some circumstances, result in the dismissal of the action in its

entirety as to any Defendant(s) not properly served.

The Court further advises Plaintiff that all documents filed with the Court must be

in the form of a pleading, <u>see</u> Rule 7(a), Fed.R.Civ.P. or of a motion, <u>see</u> Rule 7(b),

Fed.R.Civ.P.  Each pleading, motion, notice, or other paper shall be presented in a

separate document.

Plaintiff must timely respond to the motions filed by other parties in this case, for

if he does not timely respond to such a motion, the Court may assume Plaintiff does not

oppose that motion and any relief requested therein.[2]  Local Rule 3.01(b) further

requires that any brief or legal memorandum in opposition to a motion must be filed

within 10 days after Plaintiff is served with that motion by his opponent.  If a party has

---

[2]Motions that Plaintiff must respond to include, but <u>are not limited to</u>, Discovery Motions
under Rule 37, Fed.R.Civ.P., Motions to Dismiss under Rule 12(b), Fed.R.Civ.P., and Motions for
Summary Judgment under Rule 56, Fed.R.Civ.P.

missed a filing deadline, the party must file a motion seeking leave of Court to file the document out of time.

Plaintiff shall not correspond with the Court or any judge or magistrate judge of the Court in letter form. In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, the judges of this Court will only deliver their decisions and opinions in response to those documents filed with the Clerk's Office in accordance with the governing rules of procedure. Any correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to the sending party.

All documents filed with the Court must include a caption (the same as is set forth on Plaintiff's Amended Complaint); a brief title that describes the nature of the document; Plaintiff's name and signature; and a Certificate of Service. These last two items are explained below.

All pleadings, motions, or other papers filed with the Court by Plaintiff must bear an original signature, or they will be rejected by the Court. Among other things, that signature serves as Plaintiff's certification, pursuant to Rule11(b), Fed.R.Civ.P. that the document is not submitted for any improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made. Plaintiff is advised to review and become familiar with Rule 11, Fed.R.Civ.P., as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines or dismissal of Plaintiff's case.

-4-

All pleadings, motions, or other papers filed with the Court by Plaintiff must also include a signed Certificate of Service. The Certificate of Service is confirmation that Plaintiff has complied with the requirements of Rule 5, Fed.R.Civ.P. by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court. At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail; Federal Express; hand delivery).

As previously mentioned, all requests for relief from, or action by, the Court must be in the form of a motion. If Plaintiff seeks any relief from, or action by, the Court, or seek the entry of an order of any kind, Plaintiff must file a proper motion requesting that relief. The motion must meet the requirements of all applicable rules, including the Local Rules and the Federal Rules of Civil Procedure. All motions must contain a legal memorandum with citation of authorities in support of the relief requested, see Local Rule 3.01(a). The motion and legal memorandum cannot exceed twenty-five pages (25) in length, see Local Rule 3.01(a). Further, Plaintiff is advised that prior to filing most motions, Local Rule 3.01(g) requires that he confer with opposing counsel in a good faith attempt to resolve the issue. Plaintiff must include a certification in the motion that he has complied with this requirement and he shall also notify the Court whether the parties agree on the relief requested. The Court would note that Local Rule 3.01 sets forth several other important requirements and rules governing motions filed

with the Court.  The failure to comply with these requirements or any other rule may result in the denial of the motion.

Plaintiff is also cautioned that he must abide by and comply with all orders of this Court.  Failure to do so may result in sanctions, including dismissal of this case.   Lastly, Plaintiff is reminded that, although he is now proceeding pro se, he is not relieved of all of the obligations that rest upon an attorney.  There are still many requirements with which Plaintiff must comply, including those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.  Plaintiff is warned that the failure to comply with these requirements and obligations can have significant consequences.  For example, failure to respond to discovery requests as described in the rules may result in sanctions.  See Rule 37, Fed.R.Civ.P.  In addition, failure to conduct a timely Case Management Conference and submit a Case Management Report can result in dismissal of this case for lack of prosecution.  See Local Rules 3.05, 3.10.

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all of those requirements and should not be relied upon as limiting Plaintiff's duties and obligations in litigating this case.

Upon consideration of the foregoing, it is hereby **ORDERED**:

1.       Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is **GRANTED**.

2.       The Clerk of the Court shall send Plaintiff blank Summons to be completed and returned to the Clerk's Office for service by the United States Marshal.

3.       Plaintiff's Motion for Discovery (Doc. 4) is **DENIED.**

-6-

4.      Plaintiff shall review and comply with the provisions of this Order, as well as the Federal Rules of Civil Procedure, Local Rules of the Middle District of Florida, and any applicable statutes and regulations.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __11th__ day of December, 2006.

_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

*Pro Se* Plaintiff